UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 21-cr-1227-MV

LUCIANO GOMEZ,

        Defendant.

### ORDER DENYING DEFENDANT'S OPPOSED MOTION FOR TEMPORARY RELEASE TO ATTEND FUNERAL

**THIS MATTER** is before the Court on defendant Luciano Gomez's Opposed Motion for Temporary Release, filed on January 13, 2025. Doc. 100. The United States opposes Mr. Gomez's motion. *Id.* at 3. Mr. Gomez does not state his probation officer's position on the motion. *See generally id*. For the following reasons, the Court DENIES Mr. Gomez's motion.

On December 12, 2024, Mr. Gomez's probation officer filed a Petition for Revocation of Supervised Release. Doc. 88. The petition alleges that Mr. Gomez was ordered to participate in an inpatient substance abuse treatment program, and that he absconded from the in-patient program at Four Winds on December 11, 2024, *id.* at 1, approximately one month after entering the program, Doc. 89 at 1. According to the violation report, the defendant absconded after Four Winds staff intercepted a large quantity of drugs that was dropped off for the defendant over the property fence. *See id.* Mr. Gomez was arrested in Socorro on December 20, 2024. Doc. 95.

On December 20, 2024, the Court held a detention hearing. Doc. 98. At the hearing, Mr. Gomez waived his right to contest his detention. Doc. 96. The Court found that by this waiver, Mr. Gomez had failed to establish by clear and convincing evidence under Fed. R. Crim. P.

32.1(a)(6) that he would not flee or pose a danger to any other person or the community.  Doc. 99.

Mr. Gomez now seeks temporary release from custody for one day under 18 U.S.C. § 3142(i)—on January 15, 2025—so that he can attend his father's funeral.  Doc. 100 at 1.  Mr. Gomez has not presented the Court with sufficient reasons to warrant his release.

Mr. Gomez bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  The Court has not found a case in this District or Circuit that suggests that the desire to attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute.  Unfortunately, many detained defendants lose loved ones while in custody.  Temporary release to attend funerals would drastically increase the use of § 3142(i) and is not a "compelling" reason that justifies temporary release under that statute.  *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under § 3142(i) should be used sparingly).

In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is.  These factors never go away.

*Alderete*, 336 F.R.D. at 269.  Mr. Gomez makes little effort to show under Rule 32.1(a)(6) that he will not flee or pose a danger to any other person or the community if he is temporarily released other than to say that he knows he could face increased punishment or additional

2

charges if he does not return to custody as directed. Doc. 100 at 3. The evidence, however, is to the contrary. Mr. Gomez walked away from an inpatient treatment program and absconded from supervision. Doc. 89. His underlying conviction in this case is for being a felon in possession of firearms and ammunition, but the facts relating to the offense indicate that he fired shots at a neighbor and also at law enforcement when they reported to the scene. Doc. 71 at 4–6. His prior convictions include a felony conviction for possession of a controlled substance, and resisting, evading, or obstructing an officer. *Id.* at 9–10. Mr. Gomez is in criminal history category IV. *Id.* at 10. Mr. Gomez's behavior while on supervision and his prior criminal history supports the Court's conclusion that Mr. Gomez is both a flight risk and a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Luciano Gomez's Opposed Motion for Temporary Release (Doc. 100) is denied.

DATED: January 13, 2025.

_____
Laura Fashing
United States Magistrate Judge